IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| RICKARD AND KARA BRIGGS, | ARBITRATION DIVISION |
| Plaintiffs, | CASE NO.: AR-13-_____ |
| v. | TYPE OF PLEADING: |
| | COMPLAINT IN CIVIL ACTION |
| Credit Bureau Collection Services, Inc. d/b/a CBCS, | |
| Defendant. | |

FILED ON BEHALF OF:

RICKARD AND KARA BRIGGS, Plaintiff

COUNSEL OF RECORD:

Jenyce Michelle Woodruff, Esq.
410 Rouser Road, Ste.105
Moon Township, PA 15108

Phone: (412) 424-8958

PA Attorney I.D. No: 208612



IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| RICKARD AND KARA BRIGGS, ) | |
| ) | |
| Plaintiffs, ) | CASE NO.: AR-13-_____ |
| ) | |
| v. ) | |
| ) | |
| ) | |
| Credit Bureau Collection Services, Inc. ) | |
| d/b/a CBCS, ) | |
| ) | |
| Defendant. ) | |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this Complaint and Notices are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE, The Allegheny County Bar Association
11th Floor Koppers Building, 436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| RICKARD AND KARA BRIGGS, | ) |
| Plaintiffs, | ) CASE NO.: AR-13-_____ |
| v. | ) |
| Credit Bureau Collection Services, Inc. d/b/a CBCS, | ) |
| Defendant. | ) |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiffs, Rickard and Kara Briggs, by and through their undersigned counsel, and files this Complaint in Civil Action against the Defendant Credit Bureau Collection Services, Inc. d/b/a CBCS and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the Pennsylvania Fair Debt Collection Practices Act claim pursuant to 73 Pa. Cons. Stat. Ann. 2270.5. This Court has jurisdiction over the Telephone Consumer Protection Act (hereinafter "TCPA") claim under 47 U.S.C. § 227(3)(b).

2. This honorable Court possesses jurisdiction over the defendant, because defendant transacts business in Allegheny County, Pennsylvania.

3. Venue is proper in this Court, because the plaintiffs are residents of Allegheny County, Pennsylvania.

## PARTIES

4. The averments of Paragraphs 1 through 3 of the Complaint are incorporated by reference as if fully set forth herein.

5. Plaintiff, Rickard Briggs is an adult individual residing in Sewickley, Allegheny County, Pennsylvania.

6. Plaintiff, Kara Briggs is an adult individual residing in Sewickley, Allegheny County, Pennsylvania.

7. Defendant, Credit Bureau Collection Services, Inc. d/b/a CBCS (hereinafter "Defendant") is a corporation organized and existing under the laws of the State of Ohio with corporate offices in Columbus, Franklin County, Ohio.

8. At all times material and relevant hereto, Plaintiff, Rickard Briggs is a "debtor" as defined by the Pennsylvania Fair Debt Collection Practices Act 73 Pa. Cons. Stat. Ann. 7311(h) (hereinafter "PAFDCPA").

9. At all times material and relevant hereto, Plaintiff, Rickard Briggs is a "consumer" as defined by the Fair Extension Uniformity Act 73 Pa. Cons. Stat. Ann. 2270.1 et seq. (hereinafter "FEUA")

10. At all times material and relevant hereto, Plaintiff, Kara Briggs is a "debtor" as defined by the PAFDCPA 73 Pa. Cons. Stat. Ann. 7311(h).

11. At all times material and relevant hereto, Plaintiff, Kara Briggs is a "consumer" as defined by the FEUA 73 Pa. Cons. Stat. Ann. 2270.4.

12. At all times material and relevant hereto, Plaintiffs were alleged to have owed a "debt" to the Defendant and or to another.

13. At all times material and relevant hereto, Defendant was engaged in the business of collecting debts nationally, locally, and within Allegheny County, Pennsylvania.

14. At all times material and relevant hereto, Defendant engaged in "communication" as defined by the FEUA, 73 Pa. Cons. Stat. Ann. 2270.4.

15. At all times material and relevant hereto, Defendant is a "debt collector" as defined by the FEUA, 73 Pa. Cons. Stat. Ann. 2270.4.

16. At all times material and relevant hereto, Defendant controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227 (a) (1).

17. Upon information and belief, Plaintiffs and Defendant had no existing business relationship.

## FACTUAL ALLEGATIONS

18. The averments of Paragraphs 1 through 17 of the Complaint are incorporated by reference as if fully set forth herein.

19. Defendant called Plaintiffs' residential telephone number over a period of two months.

20. Defendant left telephone messages on Plaintiffs' residential telephone line each time that it called.

21. Defendant left pre-recorded messages on Plaintiffs' answering machine on or about the dates stated:

<u>June 4, 2012 at 5:25 p.m.</u>

<u>June 14, 2012 at 5:08 p.m.</u>

<u>June 19, 2012 at 10:09 a.m.</u>

<u>June 23, 2012 at 3:32 p.m.</u>

<u>June 27, 2012 at 10:48 a.m.</u>

<u>July 5, 2012 at 11:49 a.m.</u>

<u>July 10, 2012 at 10:34 a.m.</u>

<u>July 10, 2012 at 10:40 a.m.</u>

<u>July 18, 2012 at 10:40 a.m.</u>

22.     The Plaintiffs at all times material and relevant hereto, owed Defendant Zero and xx/100 Dollars ($0.00).

23.     The Plaintiffs at all times material and relevant hereto never owed Defendant any money for any thing or any obligation.

24.     Upon information and belief, Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls and leave messages on Plaintiffs' residential telephone within four years of this Complaint.

25.     Plaintiffs' did not consent to Defendant calling or leaving a message on their telephone line.

26.     Defendant willfully or knowingly violated the TCPA.

## COUNT I
## AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFFS' RESIDENTIAL TELEPHONE IN VIOLATION OF THE TCPA, 47 U.S.C. § 227 (b)(1)(B)

27.     The averments of Paragraphs 1 through 26 of the Complaint are incorporated by reference as if fully set forth herein.

28.     Defendant initiated a telephone call to Plaintiffs' residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of Plaintiffs in violation of 47 U.S.C. § (b)(1)(B).

29. As a result of Defendant's violations of the TCPA, Plaintiffs' are entitled to actual damages pursuant to 47 U.S.C. § 227 et seq.; statutory damages in the amount of at least $500.00 for each violation pursuant to 47 U.S.C. § 227 et seq.; a declaration that Defendant's calls violate the TCPA; a permanent injunction prohibiting Defendant from placing non-emergency calls to the telephone of Plaintiff using automatic telephone dialing system or pre-recorded or artificial voice; and, reasonable attorney's fees and costs pursuant to 47 U.S.C. § 227 et seq. from Defendant.

WHEREFORE, Plaintiffs' request that this Court enter judgment in favor of Plaintiffs and against Defendant for damages, attorney's fees, litigation expenses and costs of suit, and such other or further relief as the Court deems proper.

## COUNT II
## PENNSYLVANIA FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.

30. The averments of Paragraphs 1 through 29 of the Complaint are incorporated by reference as if fully set forth herein.

29. Defendant unfairly, unlawfully, intentionally, deceptively, and/or fraudulently violated the PFDCPA, 73 Pa. Cons. Stat. Ann. 7311, et seq. including each subsection thereto and each and every paragraph and subparagraph thereto.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively, and fraudulently coercing Plaintiffs to pay the alleged debt in an unlawful manner.

## COUNT III
## FAIR EXTENSION UNIFORMITY ACT 73 PA. CONS. STAT. ANN. 2270.1 ET SEQ.

31. The averments of Paragraphs 1 through 30 of the Complaint are incorporated by reference as if fully set forth herein.

32. Defendant unfairly, unlawfully, intentionally, deceptively, and/or fraudulently violated the Fair Extension Uniformity Act 73 Pa. Cons. Stat. Ann. 2270.1 et seq.. including each subsection thereto and each and every paragraph and subparagraph thereto.

33. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively, and fraudulently coercing Plaintiffs to pay the alleged debt in an unlawful manner.

## COUNT IV
## PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

34. The averments of Paragraphs 1 through 33 of the Complaint are incorporated by reference as if fully set forth herein.

35. Defendant unfairly, unlawfully, intentionally, deceptively, and/or fraudulently violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et seq. including each subsection thereto and each and every paragraph and subparagraph thereto.

36. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively, and fraudulently coercing Plaintiffs to pay the alleged debt in an unlawful manner.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs' request that this Court enter judgment in favor of Plaintiffs and against Defendant for damages, attorney's fees, litigation expenses and costs of suit, and such other or further relief as the Court deems proper, in an amount not to exceed the arbitration limits.

Respectfully Submitted,

*/s/ Jenyce Michelle Woodruff*
Jenyce Michelle Woodruff, Esq.
Counsel for Plaintiffs

I, Rickard Briggs, herein, deposes and says, subject to the penalties of 18 PA.C.S. § 4904, relating to unsworn falsification to authorities, that the facts set forth in the foregoing COMPLAINT IN CIVIL ACTION are true and correct to the best of my knowledge, information and belief.

/s/ Rickard Briggs
Rickard Briggs

DATE: _____June 4, 2013_____

I, Kara Briggs, herein, deposes and says, subject to the penalties of 18 PA.C.S. § 4904, relating to unsworn falsification to authorities, that the facts set forth in the foregoing COMPLAINT IN CIVIL ACTION are true and correct to the best of my knowledge, information and belief.

/s/ Kara Briggs
Kara Briggs

DATE: June 4, 2013